Hey, good afternoon everyone We are ready to start with the first case call Lewis versus Alexander Mr.. Man is that man else you correctly yes your honors. I'd like to reserve two minutes for about sir. That's fine if it pleases the court, I'll first start with the merits of the case and Then I'll Just make a short discussion the supremacy clause and blessing and if we have any time left over I'll go to just disability and injury in fact, so I'm going to reverse the order of the brief on the merits The question really fundamentally is whether or not the special needs trust divisions of the Medicaid statute or a mandate To the states are merely permission If they're a mandate then a preemption analysis may be appropriate to ensure there's no conflict with their mandate If it's merely permissive statute if merely gives permission to the state Then there can be no preemption Certainly Congress knows how to write mandates the Affordable Care Act being argued in content before the Supreme Court this week is a mandate What what is the language in the statute that suggests to you that it's permissive that it's what? That begins with the words And I probably knocked you over the head with it like five times in my brief This subsection shall not apply to any of the following trusts, that's how the whole provision begins I mean plaintiffs in the district court want to get into the minutiae of paragraphs a B C and D principally The pool trust provision, but I go up to the first words this subsection shall not apply to so all that section does and I believe that plaintiffs acknowledge it in their in their brief is Lift the mandate of the prior subparagraphs which say Thou shalt treat trusts punitively now. I go through all the difficulty however in drafting this statute and crafting complicated rules to exempt these trusts and Then say as you do That you should be able to count Well, first of all clearly this first of all that the rules aren't that complicated the rules are bare-bones All right The panel asked that sent a letter the parties and said asked about you know Given the Congress did not write a national law of trusts Why shouldn't the state be able to regulate it and if this is all that that there is with respect to these trusts? They can run a while they can run a while I don't get it. I thought I'm sorry. I thought you bought into this system I mean with eyes wide open Into the Medicaid system and that you agreed that you would be bound by the Medicaid provisions That is a state of Pennsylvania. Well, when you say permissive, do you mean you can pick and choose what you will? Regulate. Oh, absolutely not. Absolutely not What what I say is that I mean, let me let me lay it out the statute says That we you states regardless of your state policy on self-centered settled grant or trusts and states have diversity on them You'd like us to follow what the Second Circuit in the Tenth Circuit is said Is that I have if the Second Circuit has ruled it must have been very recently because I haven't seen it But the Tenth Circuit has ruled in Hobbs and Keith Well, there's at least a suggestion on this you're talking about the one case which has a sentence in it, right? But I'm I'm still hoping that you'll answer Judge Smith's earlier question Yes, sir. I don't think I've heard any answer to yet and that is Why would? Leave aside the modifier complicated. Why would Congress bother? Providing for this special needs trust provision if it was just going to say to the states and you know what you guys can just Forget it if you want because the whole structure of the Medicaid statutes is about state options. I Mean, this is not a I mean cases come here to this court about the parts of our options would they have needed to to create this if For you to have the option. Yes, because paragraph C Excuse me paragraphs D 1 through 3 Override state law and say regardless of what your policy is on self-settled spendthrift trusts You must count them as a resource You suggested the state may now exercise options and selectively pick which provisions that you would know I would know I mean again, mr. Feldman has laid it out quite elegantly I mean here is the here is this pattern you have a a mandate imposed by Congress to treat these trusts punitively Unself-settled spendthrift trusts and there's diversity on state policy with respect to self-settled Spencer trust Congress mandates that generally you treat self-settled spendthrift trusts punitively The exemption lists that mandate so you default to SSI rules, mr. Feldman lays that out in his brief. What do SSI rules do? SSI rules default to state law and they say however you treat Self-settled spendthrift trusts under state law. That's how you would treat them now a state like, Pennsylvania which is hostile to self-settled spendthrift trusts and wants to take advantage of This provision in order to make these trusts available to the disabled. Of course, they're a good thing Enacts a law which which sets them aside and that's what we did We did it in the full trust act Which I wanted to mention because it's not cited in the district court opinion and we did it in section 14 14 which authorizes these trusts to exist and and remember that these are Trusts are Pennsylvania. General. I'm not sure how we are now because we've now adopted the Uniform Trust Act and they're much more ambivalent about Self-settled spendthrift trust prior to what is the result if we buy into your argument? Well, the result is is that Under section 14 14. All right our Regulation of these trusts is really aimed only at abuses I mean I've said in the brief what everyone seems to be in agreement on what this statute what is permitted and what isn't permitted what we do is we have the right to exclude individuals from using a special needs trust if we conclude the abuses that the Use of the trust is not any way related to their individual special needs Remember that special needs isn't that really? Trying to have your cake and eat it too. I mean, it's hard you're on the one hand you seem to be saying that States can opt in or opt out of this And then you seem to be saying and if we opt into it, we can opt into it on our own terms It doesn't matter what Congress said Yeah I mean if you say we're gonna go ahead and now we're gonna have these special needs trusts and we're gonna Accept that as a Way for people to provide for folks without having It count against their eligibility for Medicaid What is it in the statutory scheme or in the precedence that causes you to say? Once we opt in we're free to start crafting our own exceptions to how the no What's the proper word it's the no more restrictive means rule Against the no more restrictive means rule defaults to state law. That's SSA policy SSI and Medicaid float in a sea of state law as regards the termination of resources SSI rules specifically state and I quoted in my brief the Validity of a trust is determined by state so the no more restrictive provision doesn't require you to look at the 1396 provisions you say it defaults you back into state law defaults you back all 1396 PD says is that it's an exemption from the mandatory trust rules now Let me let me flip it since since I'm since since the court seems to be saying over Buying into the argument that that asking questions. I know I know I know I know but let me get to get but let me not Get so hung up on the exemption issue that I don't get to the let's say assume. It's a mandate issue Okay, what is so terribly wrong with saying that? You can't use a special needs trust purely for intergenerational wealth transfers. I mean, that's what we've said That and what is so terribly wrong about saying that the taxpayers are not going to pay for your medical expenses It's not really a question of what's so terribly wrong at this point  If we accept the district courts determination that this is a mandatory provision and we recognize it, you know, there's Plenty of dispute out there about that. But if we accept that then Are we are we forced to accept the notion that that the no more restrictive means Test applies in other words, whether you think it's a good idea or not in the state. That's not the way Congress set it up Well, I mean the assumption behind that question is is these are the only rules that can apply to special needs trust No, no, it's the assumption is that you can't make it more restrictive You could do a lot of things with this, but you couldn't make it more restrictive That's the assumption because that seems to be the ruling of the district court But the question to you is can you adequately answer that ruling by the district court by saying well, that's bad policy No, I what I can say is that under SSI rules States regulate trusts states determine the validity of trust states determine the entry and exit rules for all trusts For all trusts. I got the feeling that we're circling back Well, it is sort of circular because what we're saying is is that is that it's an exemption you default to state law and state Law gets to determine who gets to enter and leave a trust what trustor expenditures are valid or invalid So state of Pennsylvania gets a substantial benefit doesn't it by buying into the Trust Established under 1396 our people do our disabled population I mean, isn't that isn't that one of the conditions for buying into that system that you would enact? No provision that is more restrictive than those that are contained in 1396 well again, I mean we are not any more restrictive than SSI SSI goes to state law SSI allows states to establish whatever rules they want with respect to state law. I've quoted that provision in my report library SSI policy is clear. You look to state law to determine whether the trust is valid You look to state law to determine whether or not the trust is a resource SSI defaults to state law Well, if that's true, then then why bother arguing about mandatory or not? I mean if there's this if there's this hole in the bottom of the bucket where it all drains out Anyway, why are we why are we talking about? Well, I mean we're talking about it at all We're talking about it because remember that Congress put these mandatory rules in a plaque that these very punitive rules states We're not permitted to treat any trust Yeah, but you're not answering what I'm trying to ask and what I'm trying to ask is it sounds like a heads you win Or a heads I win tails you lose argument if it's if it's not mandatory Then the state wins if it is mandatory the state still wins because it all defaults to state law Anyway, is there? There's no there's no way under any reading of this provision that the the special excuse me that the Plaintiffs can win. I I disagree with your characterization I mean if if you if the heads I win in other words if you fault the state law Of course the state wins it becomes permissive the states can do whatever you want if the tails Argument comes down to are these restrictions assuming it's a mandate are these restrictions? Interfere with anything that Congress intended to do and what we say is the district court construed the statute To so that it would be essentially that the state was going to what was the example the district court gave? One pool trust was count was going to be non-compliant We were going to go terminate the the pool trust accounts of hundreds of individuals that throw them off of Medicaid I mean the district court assumed a very mean-spirited Approach to the statute. Well, I think the district court just assumed you would do you would exercise the limits of your power, right? I mean the district court is the court really supposed to take a position particularly in light of the fact that you folks haven't Put regulations together in years. Are they supposed to say? Well, let's assume the state is not going to exercise the limits of the power it declares First what would be the basis for doing that? Well, first of all, we haven't put regulations out of there because of this lawsuit. All right, second of all, we never actually have however promulgated or created some kind of intradepartmental manual or set of instructions under which we have never disapproved a establishment of a Special needs trust and then there to which we have never disapproved expenditure That wasn't my question, but I assume it exists for some purpose Well, it exists for one thing to prevent the kind of situation that judge Jordan presented and what happened in Erie County Which was a mistake where somebody took a mean-spirited approach to the statute and tried to restrict it and they had to be overruled Well, can I can I try a specific example on you because we are talking about Preemption and we are reviewing the district court's decision and one of those decisions and analyses Is that section 1396? Requires only that a person be disabled and disability is defined on the section 1982. However, the state provision adds to the federal requirement and and requires that the Beneficiary have special needs that will not be met by the trust. Why isn't that a provision that is more restrictive than the federal provision and And therefore should be preemptive because it doesn't regulate eligibility it Regulates who can enter a trust it is no different than any other provision of state law that says who can enter or leave a trust except because We have enacted member because Pennsylvania was generally hostile But I self-centered rancher you doesn't regulate the trust doesn't it determine who can become a member? Yes, it determines who can become a member. Absolutely. Isn't that eligibility? Well, it's eligibility in the same extent as any other state rule or rule of property is I mean, there are lots of state law rules of property that determine who can do enter into transactions capacity age What about the age? What about the under age 65? Isn't that clearly more restrictive? Well, it's all more restrictive if you construe it as a mandate if you construe it as a permissive Then we have authority to do it. I mean we had a problem. I mean The problem is laid out in the CMS transmittal where if you Transfer money even clearly Congress envisioned that individuals over 65 Well, at least they wrote could use pooled trust and then they also imposed a transfer asset penalty on it So if you're an elderly individual you establish a pooled trust you need to enter a nursing home. Guess what you don't get Medicaid That's a horrible situation. It's a horrible situation We took an approach of saying look we don't want that situation to occur We're not going to let you enter into these pooled trust now Is that the the best solution maybe better solution would have been to give people really clear notices? I don't know, but that's a solution federal analog 1396 P contains no such provision. So isn't your provision the state provision more restrictive? Our state provision is event this this provision says only if you have a trust that meets a B C and D It is exempt from the mandatory trust rules The statute does not say state you must enact a law that allows everybody to enter the trust Yeah, now you're back to the mandatory. Yes, I know except the premise of the question that it's mandatory just It's on that one. I lose that one judge if it's mandatory I lose the I lose the age 65 on the on the on the special needs requirement and the Reasonably related to requirement Those can be construed liberally. We do construe them rib liberally I think if you look at the way we can say we're construing that statute and you give us the benefit of good faith You'll find that there is no even if you construe the statute to be mandatory You will find that there is no conflict with the objectives and purposes of Congress. Yeah, but let's talk about that But under 65 if it's mandatory, I'm toast when you say Construed liberally help us out with that if the Statue doesn't have and the federal statute. I mean not that not 1414 has no Basis or provision for the state to make judgments about what's a special need and And and to be inserting itself in the decision-making that the trustee is going to be going through what do you rely on other than the mandatory versus permissive issue to say Well, we get to do that. Anyway, I Exclusive rules regarding these trusts that they were not intended to exempt these trusts from every other rule that applies to trusts and because These are special trusts in the sense that they would normally be permitted under state law. So we're back to mandatory. No No, we're not back to mandatory. We're back to take a look at the restrictions and they're so minimal and they're so common-sense I mean, well, hold on a second. I'm not trying to be wooden. I'm just trying to understand the logic of your argument If for the sake of discussion It's mandatory and if the federal statute doesn't contain the kind of restriction that 1414 contains Then just as a matter of language isn't 1414 more restrictive and therefore in violation of the only more restrictive only if you find that those conditions that in or in 1414 d4 are the Exclusive conditions that Congress intended go to the preemption analysis. How about the 50% payback provision? Which doesn't seem to be included in the federal provision? Well the 50% you know again, the question the question on preemption do agree that that appears only in the state It appears only in the state law. We're not the only only state that has done it I think with a number of other states have done it right CMS has suggested that we can do it But let me let again. Let me go back to what is the test for preemption? It has to be we have to be Preventing individuals from using special-needs trusts to buy Porsches and Rolex watches And we're saying that you can't use a special-needs trust if you have 20 million dollars and you're using it solely to to do intergenerational wealth grant trips How does that obstruct the intent of Congress? It doesn't I mean the court district court had to come up with very draconian and mean-spirited Interpretations interpretations that we've never adopted in order to find a conflict with the intent of the statute remember you're going to back in a preemption Just look at the words of the statute Why do we now have to go to what Congress intended when when we can look at the plain language of the provisions? Well, then we get back to the mandatory versus the main plain language is simply exempting though That's what that's what the 10th Circuit Yeah, I need to if I may On a completely different thing now in the in the recently issued Douglas opinion by this Supreme Court The the court says hey, we're in a different ballgame here because there was an administrative interpretation Just as a practical matter How are we I mean you folks I understand you say well They did it. They bought the lawsuit. Otherwise, we'd have had those regulations, but Regardless of why you don't have them. You don't have them And I'm wondering if you have an idea about how this works out as a practical matter If we make if we issue a ruling based on the on a plenary standard review not the deferential standard that would exist had there been an administrative ruling and Then you folks do come out with some Regulations and things proceed apace. I mean Procedurally it just seems like we're in a sort of a messy spot and I'm curious what your thoughts Well, you started out with with Douglas and and and what I was going to say on Douglas is that you know You have to decide whether you want to be part of the discussion on I mean Let me you have sort of two questions about it there and let me answer both The first question is about Douglas Okay, and and you you three initially have a panel has to decide whether or not Douglas changes anything The only thing Douglas changes is making clear that what I think everybody thought was set a law regarding the supremacy clause is not That it's an open question. And the second question you have to you have to ask is whether or not the panel can address that issue whether it has to go to the court on bunk and My feeling is is given the language in the st. Thomas st. John opinion, which is only one sentence I mean none of these supremacy clauses really Engage with the blessing line of cases I mean you have this I think you have the DC Circuit the First Circuit of the Ninth Circuit have engaged with this this court has never engaged with Blessing and court v. Ash versus supremacy clause. There's just two lines of cases and they don't talk to each other Thank you. Mr. Mann. We're gonna get you back on Thank you This film mr. Feldman I Would like to reframe the question a little differently this case presents the question of whether certain provisions of section 1414 violate the rights of the Pele's under and are preempted by Certain provisions of the Medical Assistance Act such that declaratory and injunctive relief is available against the enforcement of section 1414 pursuant to 42 USC 1983 and the supremacy clause of the United States Constitution What is at stake in this case is the rights of disabled individuals to realize an improved quality of life? Through participation in these special needs trusts as Congress intended Isn't what's also at stake here the right of the state of Pennsylvania to try to make? Some sensible use of the public fisc to make sure that people are not abusing the system I mean they've tried to do that with 1414, right? No, I don't believe that's what they've tried to do with 1414 And even if the state has a legitimate purpose its means to accomplish that purpose has to be constitutionally sound Why don't you start with the mandatory versus permissive argument on which your opponent has leaned? So well, the best example of how this is mandatory is that under the Medical Assistance Act all? SSI recipients are automatically eligible for medical assistance Therefore when the Social Security Administration Makes a determination that an individual is eligible for SSI under its rules Then that individual is automatically eligible for medical assistance and no state Regulation can be applied to that individual to deprive him of his rights to medical assistance And that's the holding in her wig versus gray Answer if you would the language argument that your colleague has put forth He said the the specific language of the statute At the outset that that introductory language Indicates that subsection D is not meant to be mandatory speak to the Language that he's pointing to if you would well I'm not exactly sure how he's construing the language, but it's clear that 1396 a 18 has been construed by the Supreme Court in the Albern case to be mandatory That it requires the states to apply 1396 PD and 1396 PD Says for purposes of an individual's eligibility for and the amount of benefits under a state plan Subject to paragraph 4 the rules in paragraph 3 shall apply to such individual and paragraph 4 says This this subsection shall not apply their language cannot be any mandatory than that it shall not apply and So the question if you're going to analyze it to under the 1983 framework the issue is whether this confers privately enforceable rights under 1983 and It's clear if you apply the blessing test that the language focuses on the plaintiff class Disabled individuals. What do you make of the Tenth Circuit's decision in Hobbs? I would say that the Tenth Circuit is decision in Hobbs is less than Enthusiastic about the holding in Keith versus Rizzuto it acknowledged in the first instance that this language could be read in the first instance as Keith versus Rizzuto and it's important to note that a subsequent district court in the Tenth Circuit in the Barnard case Analyzed this language and relying on the language in Hobbs found that D 1 confers privately enforceable rights and a subsequent district court decision in the 8th Circuit specifically analyzed Keith versus Rizzuto and Specifically rejected it. So you think Hobbs is just saying we're stuck with Keith. We're stuck with Keith What's your your best response to mr. Mann, but I take mr. Mann's contention that the No more restrictive requirements don't apply to 1414 Well, I think that's clearly erroneous. There's absolutely no authority under the Medical Assistance Act to say that 1396 A10 C I 3 is not mandatory or that 1396 r2 is not mandatory. There's absolutely no authority for that position What if we were to conclude that there no more restrictive requirements do not apply? Does that affect your? The assessment of your only asked to the medically needy because that's the cat the Comparability provisions only apply to the medically needy. They do not apply to SSI recipients SSI recipients are automatically eligible for medical assistance so and because the comparability requirements apply to the medically needy which states that the Methodology applied to the medically needy may be no more restrictive than the methodology applied to the SSI recipients I just don't see how the state's regulation in any way can be applied Constitutionally without depriving the Individuals rights to medical assistance in this case. The language is clear. It's unambiguous What what's your response to the assertion that? It's not really more restrictive to put in place State Rules or guidelines about how money can be spent that it it certainly can't be viewed as contrary to the will of Congress for the state to be Watching out for rich people, you know using this as a means to buy land or expensive luxury goods or something like that Absolutely, but that there's absolutely no No evidence in the record to suggest anything to support that position and I would point out that that when when when? I'm not talking about a factual record. This is a Just a purely a question of statutory interpretation if I understood. Mr. Mann's argument. He said Look even if this is mandatory there's There's room for the state to have in place mechanisms to screen for abuses of the system There's the language of the statute doesn't allow us to just lay down and let people roll over with whatever they want That mechanism is already in place without section 1414 the general Law of trust in Pennsylvania gives anybody with an interest and I would say that the state's interest is one of a statutory creditor to ensure that a Trustee does not breach their fiduciary duties. Aren't you kind of giving the store away though? There if you if you acknowledge that That in fact that is something the state can do What's the basis for your complaint about the state saying in 1414? You know, we can we can screen for special needs here we can take a look at that well because the statute expressly prohibits that the statute requires the Individual to be only disabled within the meaning of this SSI provisions the state's in order to Accomplish what the state wants to do in in Screening out for for individuals with special needs they would have to they would have to make a determination of the nature and severity of an individual's disability and And how the disability is expected to progress? the life expectancy of an individual according to his disability Whether there are special needs specific services available to assist an individual in that disability the regime Suggested by the state in order to screen out these individuals is completely unworkable Even if the regime is According to you unworkable Is there not some role for the state in enforcement and otherwise in its traditional role as parents patria? Absolutely, but but again the so are we simply talking about line drawing them as to? Just what the state through the Attorney General can do in that role traditionally And and what it can yes, it's the line drawn by the Constitution Which requires the exercise of state authority to not deprive? individuals of the rights privileges and immunities under the Constitution or the federal laws and They cannot stand as an obstacle to the full to the accomplishment and execution of full purposes of Congress Well, of course, it would be part of the Attorney General's role in Representing the state in its parents patria capacity to enforce and apply those various constitutional Yes, but you know I can point out. I mean you talk about the age requirement What legitimate state interest does the state have to prohibit an individual over the age of 65 from establishing a trust? What is the legitimate state interest? What about the enforcement provision here? The enforcement provision is another problem the below the plaintiffs made argued that the Enforcement provision served to deprive the individuals of their property interest in the trust without due process of law But the states as I think you it conceded or at least implicitly did that the the states Have to retain some kind of tools For enforcement purposes, but they have a whole variety of tools that are already in place under Traditional trust law. There's a duty to account is no body of federal trust in a state's law But it's totally unnecessary in order to protect the state's interest in this case And I have an example of a comprehensive regulatory statute in Pennsylvania Which specifically governs pooled trusts and I brought copies to hand up to you so that you can take it with you when you go after argument and It's clear that the state's interests in regulating trust in this fashion are perfectly Constitutional and it takes into effect all of their legitimate state interest in Contrast it's 1414 was specifically intended. It was drafted and conceived by DPW to Specifically limit the kinds of individuals that can benefit from these pooled trusts in complete conflict with the federal statute itself I found the 50% payback provision pretty interesting because what this what the state the state receives significant funds from the federal government But the state taxpayers pay quite a bit of the funding for the disabled persons And what the state is asking is it pay us back? It's asking for Beneficiaries who have died to have 50% of what they of their trust paid back to the Pennsylvania Well, that's what we had about that Well only that it's a I think it raises the substantial obstacles to the full purposes and an objectives of Congress What Congress recognized that not-for-profit associations in these pooled trusts? Function and serve the public interest they specifically just as they do under the tax laws Specifically conferred a privilege on these not-for-profits to retain whatever monies they want to retain and there's no Requirement that it retain a hundred percent and in fact, there are pooled trusts in Pennsylvania that do not retain a hundred percent They retain nothing but but Congress recognized that these individual these Associations do serve the public interest and to allow them to retain up to a hundred percent of the money. I Believe serves the intent and objectives of Congress to allow those nonprofits to help other disabled individuals Which in fact also serves to defray the cost to the taxpayer for these disabled question the Congress Anticipates that some of the remainder would be paid over to the state only to the extent that it wasn't retained by the not-for-profit Who makes that decision? Congress made that decision who makes a decision of what would be paid to the state what would be kept in the pool? well, if the not-for-profit structures its trust to retain 50% as As their policy then they would retain 50% and the other 50% would have to be repaid to the state But a trust that retains a hundred percent is permitted under the federal law to retain those funds to help other disabled Is that a decision just for the trustee to make the not-for-profit who establishes the trust? Well, I don't think Douglas the decision in Douglas changes the law especially not in the Third Circuit It's clear in this circuit the Lozano case st. John's st. Thomas st Clearly states that the preemptive federal statute does not have to create rights in order to give rise to a cause of action directly under the supremacy clause and in this case I would respectfully submit that this the preemptive federal statutes certainly do confer rights. It's not just 1396 PD that we're relying on this the the plaintiffs have relied on 1396 a a 10 and 1396 DA which this court has held under sobriety and under and reviewed again in the In the grammar case to create rights that are enforceable under 1983 It's not just 1396 PD which confers these enforceable rights And I would also like to say in answer to the court's question that the state has retained its Historical authority to regulate trusts, but only up to the line drawn by the Constitution Is there a? Is there any legitimacy to the state's expressed concern that the interpretation that you're you're pressing on us will open the door to Fraud and abuse the Bill Gates example. Absolutely not. It just defies logic and human behavior Why why because if an individual has a substantial amount of money? Why would they turn over the money to a special needs trust which at the end of the day? Has to be fully repaid to the state There's a full payback requirement under the payback provisions and the Examples that the state has used to raise the specter here are not pooled trusts Which are small amounts of money their payback trusts and the state has only Described to which should not lead this court to believe that there are anything other than anomalies And I would like to further say that they're up there are a a any number of Constitutional means to address the concerns that the state has such as requiring the trustees to be bonded and imposing and in fact under the pooled trust act It provides that distributions have to be in the best interest of the individual which is a traditional trust law fiduciary duty Your honest, would you like copies? We haven't asked for any further material to read Unless we do I Suggest you keep it. Okay. Thank you, Your Honor. Thank you. Our dance card is rather full reading Thank You, mr. Felt thank you, mr. Man Is it man or many Unlike Henry Manny of formerly of Emory Law School and George Mason where my daughter went to law school All right is very like we think that's why she got in You know the concession that that mr. Feldman said that general trust law can regulate these trusts I'm not sure and and you know, the district court made that observation. It's an opinion that the statutes not the general trust law I'm not sure where it we're where the line would be. I would point out that the statute that mr Feldman wanted to hand up to the court contains the 50% limitation and the reasonable relationship limitation that are in 1414 so I'm not sure what the Point of handing that statute up to the court is other than the legislature wrote the restrictions once into general trust law and another Into 1414. I I do want to make make one one one point and you can take this as you will You know, there's this lady in Michigan who who won the lottery and has remained on food stamps got a lot of publicity and for some reason people get really mad at that they get madder at that than they do at the Wall Street stuff and As a result states are going around and putting on asset tests for food stamps makes no economic sense. Really. It's 100% federally funded They're doing it because people are mad and I'm telling you as I gave it in the record and I approved these trusts I approve four or five of them a week. I Get million-dollar trusts Several times a month. I've given you a nine million dollar trust I've given you a 15 million dollar trust the record shows that that individual and this is in the record He says it isn't but it is isn't the record the people have come to these put these these pool trusts These are supposed to be small accounts asking for expensive cars and asking for fur coats and This just if we don't have you don't allow us though, but they've said no They've said no Intrigued but you know, they love to have one But the answer was you write an opinion that says that we that we can't force them to say no They're gonna have to say yes What's the what's the response that you yourself gave which is The there's a fiduciary obligation there and we can look after people who abuse their fiduciary obligation We don't have to set up a special separate statutory regime at or 1414 to go after people Who's who's being harmed the fiduciary relationship is the beneficiary who wants the money? It's not like with a payback trust where we're that where you have to look after the remainder men's interest There is no remainder men other than the pool trust in a pool trust situation There's no breach of fiduciary duty. You're giving the money to the beneficiary. Thank you. Mr. Mann. Thank you very much Thank you both for your excellent arguments Difficult case we'll take it under advisement Call the next case This is Flores versus Walmart I